IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM VINNETT,

    Plaintiff,

      v.

GENERAL ELECTRIC COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-993-TWT

ORDER

This is an employment discrimination and breach of contract action. It is before

the Court on the Defendant General Electric Company's ("GE") Motion for Attorney

Fees. [Doc. 62]. For the reasons set forth below, the Motion is GRANTED in part and

DENIED in part.

I. Background

The Plaintiff William Vinnett is a Chilean-born male over the age of forty who

was formerly employed with the Defendant. The Defendant GE is a diversified

technology, media, and financial services company. The Plaintiff was employed as

a product service engineer in GE Power Systems (now GE Energy) from 1999 to

2004. The Plaintiff filed this employment discrimination case against his former

employer GE, alleging discrimination based upon his age, race, and national origin.

T:\ORDERS\05\Vinnett\attyfeestwt.wpd

He also alleges that the company retaliated against him before and after his employment with the company ended.

During his employment with GE, the Plaintiff felt he had been subjected to employment discrimination, and by 2004 decided to take a job with another company. The Plaintiff agreed to release all claims arising out of his employment with the Defendant in a settlement agreement in consideration for, among other things, $50,000 and the continued employment of his wife for six months. At the time the settlement agreement was signed, the Plaintiff's wife was employed with a software developing company named Granite Services ("Granite"), which was a GE affiliate. Granite provided temporary professional and technical contract labor for GE and other companies. Under the settlement agreement, the wife's employment during this period could only be eliminated for cause, which included a change in business circumstances. Further, a change in business circumstances could include GE's purchasing of services through any company other than Granite. Before signing the settlement agreement, the Plaintiff was aware that Granite had lost its contract with GE to another company. (Vineyard Report and Recommendation, at 6).

This Court denied in part the Defendant's Motion to Dismiss [Doc. 9] based upon the Report and Recommendation of Magistrate Judge Joel Feldman. [Doc. 7]. This Court then granted summary judgment to the Defendant [Doc. 60] based upon

the Report and Recommendation of Magistrate Judge Russell Vineyard. [Doc. 55].

The Defendant now moves for an award of attorney fees.

## II. Discussion

The Defendant seeks attorney fees under 42 U.S.C. § 2000e-5(k) and 42 U.S.C.

§ 1988(b), which allow a prevailing party to recover attorney fees in employment

discrimination cases.   The Defendant also seeks attorney fees against Plaintiff's

counsel under 28 U.S.C. § 1927, which allows recovery of fees when opposing

counsel acts in bad faith.  See, e.g., Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.

1991).  Employment discrimination defendants cannot recover attorney fees simply

as a matter of course.  "Under federal law, prevailing defendants cannot recover

attorneys' fees in Title VII cases unless the claim was 'frivolous, unreasonable, or

without foundation.'"  Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1310

(2007) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

A defendant's case for attorney fees is strengthened if the court finds that the plaintiff

brought or continued his claim in bad faith.  Cordoba v. Dillard's, 419 F.3d 1169,

1176 (11th Cir. 2005) (citing Christiansburg, 434 U.S. at 422).

The case, according to the Defendant, was "the Epitome of Frivolous."  (Def's.

Mot. for Atty. Fees, at 9).  In part, this is true.  The Defendant first argues that the

Plaintiff's claims were frivolous with respect to the alleged breach of contract claim.

The Defendant points out Judge Vineyard's observation that the language was unambiguous, and the agreement "can reasonably be interpreted only one way - to expressly allow for Plaintiff's wife loss of employment under the very circumstances of this case." (Def's. Mot. for Atty. Fees, at 10). However, Judge Feldman, looking at the same Complaint in the context of the same settlement agreement at the motion to dismiss stage, felt that he was "compelled to conclude, *as a matter of law*, that the Defendant's actions constituted a material breach of the settlement contract." (Feldman Report and Recommendation, at 15) (emphasis supplied). I declined, however, to adopt that portion of Magistrate Judge Feldman's Report and Recommendation.

The Defendant also argues that the Plaintiff's retaliation argument is frivolous because he cited no authority to Judge Vineyard that his wife's termination was an adverse action towards him. Although this may be true, the issue does not appear to be well-settled. I readily agreed with the reasoning of Judge Vineyard's Final Report and Recommendation; however, he cited no controlling precedent for his position either. Further, Judge Feldman was of the opinion that "the Plaintiff has alleged sufficient facts to show he has suffered an adverse post-employment job action by the Defendant." (Feldman Report and Recommendation, at 20). The fact that two magistrate judges disagreed on the same legal issues given the same set of facts

(namely, the settlement agreement) is evidence enough for me that the Plaintiff's claim is neither frivolous, unreasonable, nor without foundation. Certainly, the Plaintiff was justified in relying on Judge Feldman's legal conclusions in continuing his claims.

This is where the matter would end but for the fact that the Plaintiff asserted in his Complaint claims for discrimination and retaliation during his employment pursuant to Title VII and the Age Discrimination in Employment Act. The Plaintiff had been paid $50,000 to settle any such claims. The settlement agreement was clear and unambiguous. Even if there had been a breach of the settlement agreement -- which there was not -- the Plaintiff was barred from asserting these claims because he never filed a charge of age, race and national origin discrimination with the EEOC. These claims in Count I of the Plaintiff's Complaint were completely frivolous. An award of attorney fees as to these claims serves the important purpose of deterring frivolous claims and upholding the importance of settlements in resolving potential employment discrimination claims.

### III. Conclusion

For the reasons set forth above, the Defendant's Motion for Attorney Fees [Doc. 62] is GRANTED in part and DENIED in part.

SO ORDERED, this 29 day of February, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge